HIGGINBOTHAM, J.
|2In this child custody dispute, the.mother appeals a judgment awarding the parties joint custody of the minor children and allowing the father’s custodial time with the children to be únsupervised.
FACTS AND PROCEDURAL HISTORY
On July 3, 1998, Dr. David Allen and Ms. Carolyn Allen were married. During their marriage, five children were born, namely Elizabeth Allen born September 26, 2001, twins Victoria and Laura Allen born January 16, 2006, Michael Allen, born November 7, 2008, and Emma Allen, born December 17, 2009.
In the Twenty-First Judicial District Court for Tangipahoa Parish, David filed a petition for divorce, as well as, a rule to establish custody, seeking joint custody of the children. Subsequently; in'the Twenty-Second Judicial District Court for St. Tammany Parish, Carolyn filed a petition for divorce and -other ancillary matters seeking sole custody of the children. Carolyn also filed a motion to dismiss the suit in Tangipahoa parish based on a declinato-ry exception to venue or in the alternative under the doctrine.of forum non conve-niens. Her motion was denied and the matter proceeded in Tangipahoa parish.
On June 9, 2014, Carolyn filed a motion for psychiatric evaluation- and for interim sole custody pending the evaluation.- In a consent judgment signed on July 9, 2014, the parties agreed to appoint Dr. Kristen Luscher to conduct an evaluation of David and Carolyn pursuant to La. R.S. 9:331 et seq.[1]
*720 |sOn August 29, 2014, an interim judgment pending trial was signed ordering that David’s visitation with the children be supervised. He exercised visitation with his children every other weekend supervised by his parents at their home. The interim judgment was rendered “without prejudice to either party.” Prior to the interim judgment, the children resided with Carolyn, and David would frequently visit them at Carolyn’s home.
The matter came before the court for an initial setting of custody on November 7, 2014. After hearing testimony from David, Carolyn, and Dr. Luscher, the trial court signed a judgment on December 3, 2014 awarding the parties joint custody of the children with Carolyn being named domiciliary parent. David’s custodial periods were designated as every other weekend, one time during the week, alternating holidays, and extended time in the summer.
After the judgment was signed, Carolyn filed a motion for new trial contending that it was discovered after trial that opposing counsel and the trial judge were named defendants in a pending lawsuit. In a judgment signed on February 3, 2015, her motion for new trial was denied. It is from the December 3, 2014 custody judgment, and the February 3, 2015 judgment denying her motion for new trial that Carolyn appeals.
LAW AND ANALYSIS
I. Custody
The best interest of the child is the guiding principle in all custody litigation. La. Civ.Code arts. 131 and 134. Keeping in mind that every child custody case must be viewed in light of its own particular set of facts, the jurisprudence recognizes that the trial court is generally deemed to be in the best position to ascertain the best interest of the child given each unique set of circumstances and because of its superior opportunity to observe the parties and the witnesses who testified at the trial. Babin v. Babin, 02-0396 (La.App. 1st Cir.7/30/03), 854 So.2d 403, 408, writ denied, 03-2460 (La.9/24/03), 854 So.2d 338, cert. denied, 540 U.S. 1182, 124 S.Ct. 1421, 158 L.Ed.2d 86 (2004); State in the Interest of AR, 99-0813 (La.App. 1st Cir.9/24/99), 754 So.2d 1073, 1078. Accordingly, the trial court is vested with a vast amount of discretion in child custody cases, and its determination of custody is entitled to great weight which will not be reversed on appeal unless an abuse of discretion is clearly shown. Elliott v. Elliott, 05-0181 (La.App. 1st Cir.5/11/05), 916 So.2d 221, 226, writ denied, 05-1547 (La.7/12/05), 905 So.2d 293; State in the Interest of AR, 754 So.2d at 1077-78.
However, where one or more legal errors by the trial court interdict the factfinding process, the manifest-error standard is no longer applicable. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d *721 731, 735. A legal error occurs when a trial court applies incorrect principles of law and such errors - are prejudicial. Legal errors are prejudicial when they materially affect the outcome, and deprive a party of substantial rights. Pruitt v. Brinker, Inc., 04-0152 (La.App. 1st Cir.2/11/05), 899 So.2d 46, 49, writ denied, 05-1261 (La.12/12/05), 917 So.2d 1084.
Furthermore, the trial court is not required to give any extra credence to the testimony of experts. See Harris v. State ex rel. Dept. of Transp. and Development, 2007-1566 (La.App. 1st Cir.11/10/08), 997 So.2d 849, 866, writ denied, 2008-2886 (La.2/6/09), 999 So.2d 785. It is well settled in Louisiana that the fact finder is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. The fact finder may accept or reject in whole or in part the opinion expressed by an expert. Id. The effect and weight to be given expert testimony is within the trial court’s broad discretion. Morgan v. State Farm Fire and Cas. Co., Inc., 2007-0334 (La.App. 1st Cir.11/2/07), 978 So.2d 941, 946.
In her first two assignments of error, Carolyn contends that the trial court committed legal error because instead of considering what is in the best interest of | stile children to determine custody, the trial court based its decision on the improper standard of whether David would “intentionally hurt” the children' and awarded unsupervised visitation based on its assumption that no incidents occurred during the period David exercised supervised visitation. In its ruling, the trial court stated that there have not been any incidents since the award óf supervised visitation was implemented, and noted that Dr. Luscher stated that she did not think David would do. anything to harm his children. However, the trial court did not award custody on those factors alone. At the conclusion of the trial, the trial court acknowledged that its job was to determine what was in the best interest of the children. The trial court stated that it did not see any need to continue the supervision based on everything it heard during trial. In discussing its reasons for judgment, the. trial court acknowledged that Carolyn was very protective of the children and wants to maintain control of how David visits the children. Additionally, the trial court stated that in order for the children to develop a good relationship with David, they, need to be able to interact directly with him on a one-to-one basis without somebody looking over his shoulder.
Based on our review of the record, it is clear that thé-trial court considered what was in the best interest of the children in making its decision. We find no merit to Carolyn’s assertion that the trial court used the wrong standard in this case.
In her next three assignments of error, Carolyn contends that the trial court abused its discretion in disregarding the custody evaluator’s[2] testimony and recommendations.
By agreement of the parties, Dr. Luscher completed an evaluation of David and Carolyn. Dr. Luscher evaluated the parties to address “any and all parenting issues related to the minor children, including but not limited to mental health and | fialcohol/substance abuse issues.” She did not conduct a custody evaluation and never observed or interviewed the children. As *722 part of her evaluation, Dr. Luscher interviewed Carolyn and David, as well as members of. their family, and friends. Dr. Luscher also administered psychological testing to both parties. After completion of her evaluation, Dr. Luscher provided the court with a thorough report of her findings and her recommendations.
During her testimony, Dr. Luscher stated that there were some inconsistencies in David’s reporting of his past alcohol use and when asked if he had ever been prescribed any psychotropic medications, he initially did not tell her about a prescription he previously filled for psychotropic medication.[3] David also gave an explanation for texts that he had exchanged rer garding prescription drugs that Dr. Luscher described as implausible..
According to Dr. Luscher, the psychological testing revealed that David' has “some ongoing psychological problems that have not been. addressed through appropriate treatment.” Dr. Luscher also noted that the ’testing revealed that David had likely abused alcohol “at some point in his life.” Because of the inconsistencies in David’s interviews and the results of the testing, Dr. Luscher acknowledged that she felt she did not have a clear picture of David’s past 'medical history, nor an accurate understanding of David’s mental health functioning.
Dr. Luscher recommended that David should participate in a psychiatric evaluation for purposes of diagnostic clarification and should "participate in ongoing mental health therapy. She further recommended that supervised visitation between David and his children should continue until David receives “necessary skills” through mental health treatment.
In regards to Carolyn, Dr. Luscher acknowledged that Carolyn’s negative feelings towards David and his family at present have created a barrier to a more 1 ycooperative relationship between David and Carolyn. Dr. Luscher further stated that the children would benefit from a more harmonious relationship between the parties.
At the time of trial, David had not been with the children unsupervised in over two years. During trial, David briefly testified. He acknowledged drinking a ■ few beers a week and having an occasional glass of wine. He stated that he never failed to get the children to their extracurricular actives and enjoys many activities with his children when he has them.
Carolyn testified at trial that David is a loving, kind father and would never intentionally hurt the kids. However, she has several concerns about David having unsupervised visitation with the children. Specifically, she is concerned for their safety because of his alleged history of alcohol use, his mental health, and: because he owns firearms. She said she just wants him to get help before he is given unsupervised visitation.
Notably, neither Dr. Luscher nor Carolyn testified about any incidents since the parties have separated where David’s alleged mental health problems or alcohol abuse have affected his time with the children. Throughout the trial, the limited testimony about David’s behavior negatively affecting, the children, was that during the marriage he missed some activities after saying he would be there and would fall asleep while alone with the children in the home. Also, subsequent to the parties’ separation, Carolyn, complained that the children suffered from allergies during while in David’s care, and during the eight months of supervised visitation he oeca- *723 sionally took the children to their activities without supervision.
Several of the recommendations of Dr. Luscher were implemented in the trial court’s judgment. Specifically, the trial court ordered,that the parties not consume alcohol or illegal substances when exercising custody of the children, secure all firearms, make sure the children attend their extra-curricular activities, use the “Our Family Wizard” as the basis for their communication, and refrain from making | ^statements about the other parent in front of the children. Also; as domiciliary parent she recommended that Carolyn make David aware of doctor and dentist appointments.
The effect and weight to be given Dr. Luscher’s testimony is within the trial court’s broad discretion. The trial court did not implement all of Dr. Luscher’s recommendations, but did implement several of her recommendations in its ruling. After a thorough review of the entire record wé find no abuse of discretion in the weight the trial court gave to the testimony of Dr. Luscher. Moreover, considering the vast discretion given in child custody eases, we simply cannot conclude that the trial abused its discretion in awarding unsupervised custodial periods, to David with his children.
II. New Trial
In her final assignment of error, Carolyn contends that the trial court erred in denying her motion .for new trial. In her motion, Carolyn contends that she discovered after trial that the opposing attorney and the trial judge were codefendants in a malpractice action and that had she been made aware of that relationship, she would have asserted a motion to recuse and a different judge may have considered the case, potentially changing the result of the litigation. Although Carolyn and her attorney were not aware of the co-defendant relationship, they were aware that the judge and opposing counsel worked in the same firm prior to the judge being elected.
The trial court’s discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of. that discretion. Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84, 93. Louisiana Code of Civil Procedure article 1972 provides that a new trial shall be granted when a party has discovered, since the trial, evidence important to the cause, which he could not, .with due diligence, have. obtained before or during the trial. In an analogous ^situation, this court held that- where the “newly discovered evidence” asserted by the party moving for new trial consisted of the existence of an attorney-client relationship between the trial judge and the opposing counsel, the motion was correctly denied because the so-called “evidence” did not relate to the cause of the. case. Bergeron v. Illinois Central Gulf Railroad Co., 402 So.2d 184, 186 (La.App. 1st Cir.) writ denied, 404 So.2d 1260 (La.1981). Like in Bergeron, the evidence that this trial judge and opposing counsel were co-defendants in a case does not relate to the cause of the case. For these reasons, we find no abuse of the trial court’s discretion in denying Carolyn’s motion for new trial.
CONCLUSION
F.or the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to appellant, Ms. Carolyn Allen.
AFFIRMED.

. Louisiana Revised Statue 9:331 provides:
A. The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown. The evaluation shall be made by a mental health professional selected by the parties or by the court. The court may render judgment for costs of the evaluation, or any part thereof, against any party or parties, as it may consider equitable.
B. The court may order a party or the child to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and the parties with a written report. The mental health professional shall serve as the witness of the court, subject to cross-examination by a party.

. We note that Dr. Luscher did not perform a custody evaluation and therefore was erroneously referred to as the "custody evaluator.”

. The prescription in question was obtained one time in 2001.