# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2025 CU 0293


## GORDON CHARLES ABBOUD

## VERSUS

## ELIZABETH GIAMBRONE ABBOUD

Judgment Rendered: _____SEP 1 9 2025_____


* * * * *

## ON APPEAL FROM THE
## 22ND JUDICIAL DISTRICT COURT, DIVISION K
## ST. TAMMANY PARISH, STATE OF LOUISIANA
## DOCKET NUMBER 2023-13077

## HONORABLE PATRICE W. OPPENHEIM, JUDGE PRESIDING


* * * * *

| | |
|---|---|
| Zara Zeringue<br>Kathleen Legendre<br>Covington, Louisiana | Attorneys for Plaintiff-Appellant<br>Gordon Charles Abboud |
| | |
| S. Guy deLaup<br>Metairie, Louisiana | Attorney for Defendant-Appellee<br>Elizabeth Giambrone Abboud |


BEFORE: McCLENDON, C.J., GREENE and STROMBERG, JJ.

**GREENE, J.**

In this appeal, a divorced father appeals a judgment ordering that his physical custodial time with his two children be supervised. In an answer to the appeal, the divorced mother challenges the same judgment insofar as it terminated a previous requirement that the father submit to random drug and alcohol testing and failed to require the father to carry a breathalyzer device and submit to breathalyzer testing at any time, rather than only during his custodial time. After review, we reverse in part, affirm in part, and deny the answer to the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Gordon Charles Abboud and Elizabeth Giambrone Abboud married on May 6, 2017. The couple had two children – A.A., born on April 21, 2019, and M.A., born on February 11, 2021.[1] In February/March 2022, Mr. Abboud completed a thirty-day in-patient substance abuse treatment program for alcohol abuse. On March 18, 2023, Mr. Abboud began weekly counseling with Jason Scamardo, a licensed professional counselor. On April 10, 2023, Mr. Abboud voluntarily submitted to a substance abuse evaluation by Patrick M. Dowd, a licensed social worker and addiction counselor, and, on May 20, 2023, Mr. Dowd signed a report opining Mr. Abboud had a moderate alcohol use disorder. Mr. Dowd recommended that Mr. Abboud continue weekly counseling with Mr. Scamardo, attend drug education counseling sessions, attend Alcoholics Anonymous (AA) meetings, obtain a sponsor to model recovery behavior, and abstain from mood altering substances.

On June 20, 2023, Mr. Abboud filed a petition for divorce against Mrs. Abboud. She filed an answer and reconventional demand. Among other relief, both parties sought joint custody of their children, and Mrs. Abboud sought to be designated domiciliary parent. Pursuant to La. R.S. 46:236.5(C)(1), the trial court signed an order scheduling a hearing on the matter before a hearing officer.[2]

---

[1] We refer to the minor children by their initials to protect their identities. *See* Uniform Rules – Courts of Appeal, Rules 5-1 and 5-2.

[2] Before 2003, La. R.S 46:236.5 authorized hearing officers to hear only paternity cases brought by the State of Louisiana, support, and support-related matters. Louisiana Acts 2003, No. 964, §1, broadened hearing officer authority to include all "domestic and family matters." *See* La. R.S.46:236.5(C)(1); *Yepez v. Yepez*, 2021-0477 (La. App. 1 Cir. 12/22/21), 340 So.3d 36, 40, n.3.

2

On August 28, 2023, pursuant La. R.S. 46:235.5(C)(3)(a) & (4)(f) & (j),[3] a hearing officer held a Zoom video conference with the parties and their attorneys, at which the parties entered into certain stipulations, including: joint custody with Mrs. Abboud as domiciliary parent; physical custody by Mr. Abboud on each Wednesday; supervised physical custody on alternating weekends, with designated or mutually-agreed upon persons as supervisors; Mr. Abboud's submission to random weekly urine drug and alcohol tests; his additional submission to SoberLink breathalyzer testing when he had physical custody of the children, within thirty minutes of Mrs. Abboud's request(s) for such; his advance notice to Mrs. Abboud if driving or unavailable; and, that any positive test for alcohol would result in suspension of Mr. Abboud's physical custody until further order of the court. On September 5, 2023, pursuant to La. R.S. 46:236.5(C)(7), the trial court signed a Consent Judgment and Interim Order (September 5th Consent Judgment), memorializing the parties' stipulations.

On November 13, 2023, a hearing officer held a second Zoom video conference with the parties and their attorneys, at which the parties entered into similar stipulations to those made in the September 5th Consent Judgment; however, the November 13th stipulations did not expressly require that Mr. Abboud's physical custodial time with the children be supervised. On November 21, 2023, the trial court signed another Consent Judgment and Interim Order (November 21st Consent Judgment), memorializing the parties' stipulations.[4]

On May 7, 2024, Mr. Abboud voluntarily submitted to a second substance abuse evaluation interview by Mr. Dowd, and, on May 21, 2024, Mr. Dowd signed a report in which his opinion regarding Mr. Abboud's condition changed from "moderate" to "mild alcohol use disorder, in early remission." Mr. Dowd recommended that Mr. Abboud continue counseling with Mr. Scamardo; attend at least four AA meetings per month;

---

[3] *Also see* Louisiana District Court Rules – Appendix 32.0B: Court – Specific Rules on Hearing Officers and Domestic Commissioners, Rule I. Hearing Officers – General.

[4] Although recommended by Mr. Dowd, neither the September 5th Consent Judgment nor the November 21st Consent Judgment ordered that Mr. Abboud continue counseling with Mr. Scamardo, attend drug addiction counseling, attend AA meetings, obtain a sponsor, or abstain from all mood-altering substances.

3

abstain from all mood altering substances; continue SoberLink breathalyzer testing; and comply with all court requirements.

On July 1, 2024, the trial court signed a judgment of divorce, dissolving the parties' marriage.

On July 26, 2024, a hearing officer held a third conference with the parties and their attorneys to review the November 21st Consent Judgment's custody order – at that conference, Mr. and Mrs. Abboud both testified. In its Hearing Officer Conference Report, the hearing officer stated that Mr. Abboud had positive alcohol tests in October 2023, and Mrs. Abboud suspended some of his physical custodial time. The hearing officer noted Mr. Abboud's testimony that he was substantially complying with Mr. Dowd's May 21, 2024 recommendations, including continuous SoberLink breathalyzer monitoring when he had physical custody of the children. However, Mr. Abboud testified that supervision of his physical custodial time was "very problematic" as he had to get his parents (who lived in Baton Rouge) to Mandeville (where he lived) when the children were with him. The hearing officer also noted that Mr. Abboud "avoided the question [as to] whether he was completely abstaining from alcohol" and that Mrs. Abboud testified that she thought Mr. Abboud was "abusing alcohol regularly" and had not submitted to drug and alcohol testing since April 2024.

In her Hearing Officer Conference Report, the hearing officer pertinently recommended that: supervision during Mr. Abboud's physical custodial time be discontinued; Mr. Abboud resume weekly drug and alcohol testing and attend two AA or Smart meetings per week; and, continue SoberLink breathalyzer testing before and during his physical custodial time, upon Mrs. Abboud's request(s). In an August 8, 2024 Order, the trial court made the hearing officer's July 26, 2024 recommendations temporary orders of the court pending a future hearing.

Pursuant to La. R.S. 46:236.5(C)(6), Mrs. Abboud filed an objection to the Hearing Officer Conference Report, challenging the recommended discontinuance of supervision during Mr. Abboud's physical custodial time and asking that the trial court "revisit the plan of physical custody and drug testing for Mr. Abboud." Mr. Abboud also filed an

4

objection to the Hearing Officer Conference Report, challenging the recommended resumption of weekly drug and alcohol testing as an "undue hardship

On September 18, 2024, pursuant to La. R.S. 46:236.5(C)(6), the trial court held a hearing where the parties first stipulated to certain matters.[5] The parties then agreed that the issues left for the trial court to decide were whether the supervision of Mr. Abboud's custodial time should be reinstated and to address the issues of weekly drug and alcohol testing.[6] Mr. Abboud, Mrs. Abboud, and Mr. Dowd testified at the hearing and the parties introduced documentary evidence.

On October 17, 2024, the trial court signed a judgment ordering that all of Mr. Abboud's physical custodial time be supervised by designated or mutually agreed upon parties; vacating the previous order that Mr. Abboud submit to weekly random drug and alcohol testing; continuing the same SoberLink breathalyzer testing requirements; and, ordering Mr. Abboud to attend Alcoholics Anonymous meetings and counseling with Mr. Scamardo once a week.

## ASSIGNMENTS OF ERROR

Mr. Abboud appeals the October 17, 2024 judgment, contending:

(1) the trial court legally erred in deeming him unfit without clear and convincing evidence that his past conduct forfeited his rights to his children,

(2) the trial court legally erred in deeming him unfit without considering what custodial arrangement would be in the children's best interest under La. C.C. art. 134, and

(3) the trial court legally erred in ordering supervised custody without considering the children's best interest or whether there is a less restrictive alternative, such as SoberLink, that would allow Mr. Abboud to actually exercise his agreed-upon custodial time.

Mrs. Abboud answered the appeal, contending:

(1) the trial court erred in terminating Mr. Abboud's random weekly drug and alcohol testing,

---

[5] On February 3, 2025, the trial court signed a Stipulated Judgment memorializing the parties' September 18, 2024 stipulations, including continued joint custody, with Mrs. Abboud as domiciliary parent and Mr. Abboud having physical custody on designated days; use of the Our Family Wizard communication program; and compliance with specified parenting guidelines.

[6] Under La. R.S. 46:236.5(C)(6), the trial court shall consider any objection to the hearing officer's recommendations at a contradictory hearing and shall accept, reject, or modify the hearing officer's findings in whole or in part. The trial court's review of the hearing officer's recommendations is *de novo*. *Fairbanks v. Beninate*, 20-206 (La. App. 5 Cir. 12/23/20), 308 So.3d 1222, 1234, *writ denied*, 2021-00250 (La. 3/23/21), 313 So.3d 272; *State in Interest of Harper v. Harper*, 53,485 (La. App. 2 Cir. 5/20/20), 296 So.3d 1163, 1166-67.

5

(2) the trial court erred in ordering Mr. Abboud to only comply with SoberLink breathalyzer testing requirements during his custodial time, but instead should have ordered that he submit to such requirements at any time.

As we will discuss herein, the trial court was bound to apply the best interest of the child analysis in deciding this case. Although the trial court did not expressly articulate its analysis, such is not required. Mr. Abboud argues the trial court legally erred by deeming him unfit without clear and convincing evidence or without considering the best interest of the child factors. We note that, fitness and the clear and convincing standard generally apply in termination of parental right cases and when a non-parent seeks custody. *See State in Interest of L.J.*, 2023-1357 (La. App. 1 Cir. 12/26/24), 404 So.3d 956, 966 (termination of parental rights); *Weicks v. Stromberg*, 2023-1004 (La. App. 1 Cir. 3/22/24), 388 So.3d 398, 402 (non-parent). Neither situation exists here; thus, we do not address assignments of error numbers one and two.

## DISCUSSION

We begin our discussion by clarifying relevant terminology. On appeal, both parties sometimes reference Mr. Abboud's physical custodial time with his children as "visitation." All relevant judgments herein have awarded Mr. Abboud joint custody of his children – his time with his children is more properly referenced as "physical custody," rather than "visitation." *See* La. R.S. 9:335(A)(1) & (2) (noting that, when joint custody is decreed, the implementation order shall allocate the time periods during which each parent shall have "physical custody"); *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So.2d 731, 737. Conversely, "visitation," as referenced in La. C.C. art. 136, is the proper term for a parent's time with his children when he is not granted custody or joint custody. *See Lewis v. Marcotte*, 2021-0432 (La. App. 1 Cir. 12/22/21), 339 So.3d 1189, 1192, n.2. Thus, herein, we properly reference and analyze Mr. Abboud's custodial time as "physical custody."

### Parent and Child Rights in Custody Determinations

The best interest of the child is the paramount consideration in all custody litigation, including actions to modify custody. La. C.C. arts. 131 & 134; *Tracie F. v. Francisco D.*, 2015-1812 (La. 3/15/16), 188 So.3d 231, 235. Louisiana Civil Code article

6

134 provides a non-exclusive list of factors the trial court shall consider, along with any other relevant factors, in determining the best interest of the child. *Moore v. Prater*, 2021-1430 (La. App. 1 Cir. 6/3/22), 342 So.3d 994, 1000. In making this determination, the trial court is not bound to make a mechanical evaluation of the La. C.C. art. 134 factors, and the weight to be given each factor is left to its discretion. *Id.* The trial court is in the best position to ascertain the best interest of the child given each unique set of circumstances and because of its superior opportunity to observe the parties and the witnesses who testified at the trial. *Allen v. Allen*, 2015-0973 (La. App. 1 Cir. 11/9/15), 184 So.3d 718, 720. Accordingly, the trial court's determination as to whether a parent's physical custody should be supervised is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. *Id.*

Notwithstanding the primacy of a child's best interest in custody determinations, a biological parent has constitutionally protected rights regarding his children. *See Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000); *In re L.M.M., Jr.*, 2017-1988 (La. 6/27/18), 319 So.3d 231, 241. The Fourteenth Amendment to the United States Constitution protects a biological parent's due process rights to the companionship, care, custody, and management of his child. *Tracie F.*, 188 So.3d at 242. Similarly, La. Const. art. I, §24 protects the reciprocal rights and obligations of biological parents and children. *Id.* Thus, courts must consider the paramount concern for the best interest of the child as well as the parent's concomitant fundamental rights. *Cook v. Sullivan*, 2020-01471 (La. 9/30/21), 330 So.3d 152, 158.

### Conditions Of Mr. Abboud's Physical Custody

We now decide whether the trial court abused its discretion in ordering that: Mr. Abboud's physical custody be supervised, he was no longer required to submit to random drug and alcohol testing, and he continue the SoberLink breathalyzer testing requirements only before and during his physical custody.

At the September 18, 2024 hearing, Mrs. Abboud testified that she was agreeable to continued joint custody with Mr. Abboud but wanted his physical custodial time to be supervised because of his alcohol problem. She stated that, when they were married, Mr. Abboud regularly came home drunk. When asked if Mr. Abboud's alcohol use ever

affected his care of the children, Mrs. Abboud stated, "[S]ometimes he passed out, but I was always there so the care of the children was never in question when I was there because I was there." She explained that the marriage broke up in February 2023, after an incident when Mr. Abboud was obviously drunk and planned to drive with their son in the vehicle. She acknowledged Mr. Abboud's in-patient rehabilitation treatment in February/March 2022 and stated that she wanted Mr. Abboud to comply with Mr. Dowd's recommendations. She stated she was concerned that Mr. Abboud was not complying with court-ordered drug testing and thought that showed he had a "real problem." She admitted, however, that Mr. Abboud was submitting to SoberLink breathalyzer testing during his physical custodial time and that the parties "had not had issues" since unsupervised custody had been implemented.

Mr. Abboud testified that he had been counseling with Mr. Scamardo about twice a week for a year and a half (since March 2023) and that he wanted to continue. He also stated he had attended online Smart meetings, a self-managed addiction recovery treatment program, and was willing to continue that as well. He testified that, during his physical custody of the children, he had voluntarily submitted to SoberLink breathalyzer testing multiple times per day since September 2023 and identified an exhibit showing he had done so 306 times without a positive result for alcohol. On cross-examination, however, Mr. Abboud acknowledged that, as of the day before the hearing, he had missed forty-five court-ordered weekly drug and alcohol tests and had not complied with several of Mr. Dowd's recommendations, including drug education counseling, AA meeting attendance, obtaining a sponsor, abstaining from all mood-altering substances, and complying with court requirements. Regarding the missed drug and alcohol tests, Mr. Abboud stated, "[P]lenty of times[,] I was out of town traveling with others for work. Whether right or wrong, I didn't want to tell people that work for me that I had to go drug test somewhere." Regarding AA meeting attendance, Mr. Abboud testified he did not like AA and chose the Smart program instead. He admitted that his counseling with Mr. Scamardo was not drug education counseling. Regarding his behavior when he does not have physical custody of his children, Mr. Abboud admitted that he continues to drink regularly, frequently buys alcohol at convenience stores, and has three to five drinks per

8

day. He specifically admitted that, on June 15, 2024, during his supervised physical custody of the children, he left them sleeping in his parents' care, and, then with his parents' knowledge, drove to a convenience store, where he bought alcohol and had a drink that night.

Mr. Dowd was accepted as an expert in addiction and addiction recovery at trial. He identified his May 2023 and May 2024 reports opining that Mr. Abboud had an alcohol abuse disorder and wherein he made certain recommendations to address the disorder. He explained that, if Mr. Abboud would follow his recommendations, he would have success at achieving "abstinence." Based on Mr. Abboud's testimony, Mr. Dowd testified that Mr. Abboud had regressed and the degree of his alcohol disorder as of the hearing date appeared to be "moderate," not "mild" nor in "early remission." He agreed with Mrs. Abboud's counsel that Mr. Abboud's frequent alcohol purchases at convenience stores indicated that he was drinking and driving but acknowledged on cross examination that he had no personal knowledge that this was true. When asked if the children were "at risk" with Mr. Abboud, Mr. Dowd stated, "That's not up to me to make that decision." When the trial court directly questioned Mr. Dowd regarding his opinion on methods of alcohol testing, Mr. Dowd testified that many of his clients with child custody issues successfully use SoberLink breathalyzer testing to track alcohol usage. However, he admitted that urine testing had some advantages and a combination of urine testing and SoberLink breathalyzer testing "wouldn't hurt."

At the end of the hearing and a brief recess, the trial court orally ruled that Mr. Abboud's physical custodial time be supervised by designated or mutually agreed upon parties; the previous order that he submit to weekly random drug and alcohol testing would be discontinued; SoberLink breathalyzer testing requirements during his physical custodial time would continue; and, he attend AA meetings and therapy with Mr. Scamardo once a week. In her oral reasons, the trial court pertinently addressed Mr. Abboud as follows:

> Dad, I appreciate your honesty on the stand today. I don't think you're being honest with yourself, but that's another issue for you and Mr. Scamardo to take care of. **My hope would have been that your goal would be abstinence**, such as Mr. Dowd testified to and . . . has

9

recommended since May of 2023, but that doesn't seem to be what your goal is right now, not today. And, you've made that choice.

I always tell people I want healthy parents. **How do I define healthy parents? Parents who are free from mind-altering substances like alcohol, like drugs; because if you're not a healthy parent, you're not fully engaged with your child.** And your children deserve to have healthy parents. And what I'm ordering today is not punitive to [Dad], but it's acknowledging that he's not where the Court had hoped he would be yet.

. . . .

[M]y issue is do I still require someone to supervise [Dad] and what do I do about testing for his alcohol use? **If [Dad] had come up here today and told me that he's really trying and he wants to overcome his addiction to alcohol, I would have a different ruling; but I don't.** So I'm going to still require [supervised physical custody]. . . . My hope is that some day you're going to choose your kids over your alcohol, but you have to get to that point.

I'm still going to require you to stay on ... [SoberLink], that's testing during custodial time, and . . . upon request of [Mrs. Abboud]. . . . [Y]ou're going to carry the [SoberLink] device with you at all times when you have the children.

At this point in time, . . . I see no point of you going through urine drug screens. When you're finally ready to get serious about putting your kids first, then I can see reinstating that. . . . (Emphasis added.)

In *Allen*, 184 So.3d at 721-22, this Court affirmed a trial court's judgment awarding unsupervised physical custody to a father based in part on the trial court's finding that there was no evidence that the father's alleged mental health problems or alcohol abuse had affected his time with his children. At the time of the *Allen* trial, the father had not been with his children unsupervised in over two years and admitted that he drank a few beers a week and had an occasional glass of wine. *Id.* The trial court in *Allen* reasoned that the development of a good relationship between the father and his children required that they be able to interact directly with him on a one-to-one basis without somebody looking over his shoulder. *Id.* at 721. Noting that the trial court's judgment specifically ordered both parents to refrain from alcohol or illegal substances *when exercising physical custody of the children*, the *Allen* Court found the trial court did not abuse its discretion in awarding unsupervised physical custody to the father. *Id.* at 723.

After review, we agree with the *Allen* Court's reasoning and find merit to Mr. Abboud's third assignment of error. We conclude that, in this case, the trial court abused its discretion in determining that the best interest of the children herein required that Mr.

10

Abboud's physical custody be supervised due to his refusal to abstain from alcohol altogether. Undeniably, the record shows Mr. Abboud has a history of alcohol use, which is a factor that must be considered in a best interest of the child analysis. *See* La. C.C. art. 134(A)(8); *Buckner v. Berry*, 55,832 (La. App. 2 Cir. 7/17/24), 400 So.3d 116, 130. Further, Mr. Abboud has admitted that, when exercising physical custody, he continues to drink daily, and he has even consumed alcohol during his physical custodial time with the children, when the children were in the care of his parents. However, similar to the circumstances in *Allen*, there is no evidence in the record that Mr. Abboud's alcohol disorder has caused harm to his children.

The October 17, 2024 judgment clearly requires that Mr. Abboud carry his SoberLink breathalyzer and continue to submit to SoberLink breathalyzer testing before and during his physical custody, upon Mrs. Abboud's request. The evidence shows that, since the September 5, 2023 Consent Judgment, Mr. Abboud has consistently submitted to such testing when he has the children, with no positive results for alcohol. Further, Mrs. Abboud presented no evidence showing that Mr. Abboud's alcohol disorder has harmed the children either during the marriage or thereafter. Her expert witness, Mr. Dowd, expressly declined to opine as to whether the children were at risk when with Mr. Abboud. And, although Mr. Dowd opined that Mr. Abboud's frequent alcohol purchases at convenience stores indicated that he was drinking and driving, there is no evidence that Mr. Abboud drinks and drives with his children in the vehicle. Further, Mrs. Abboud admitted that, during the prior time when Mr. Abboud's physical custody was unsupervised, there had been "no issues."

Without evidence that Mr. Abboud's alcohol disorder has harmed his children, and in light of Mr. Abboud's due process rights to the companionship, care, custody, and management of his children, we reject a rule requiring that he abstain from alcohol when he is not exercising physical custody of his children. *See Tracie F.*, 188 So.3d at 242. And, because we reject a rule that polices Mr. Abboud's alcohol usage when he is not exercising physical custody, we likewise reject Mrs. Abboud's contentions that he should be required to submit to SoberLink breathalyzer testing at any time, rather than only before and during his physical custody, or that he should resume weekly random alcohol

11

and drug testing.  Accordingly, we conclude the trial court abused its discretion in requiring that Mr. Abboud's physical custody be supervised without evidence of harm to the children and when the safeguard of SoberLink breathalyzer testing will be in place before and during his physical custody.

## CONCLUSION

For the above reasons, we reverse the October 17, 2024 judgment insofar as it ordered that all physical custody exercised by Gordon Charles Abboud be supervised.  In all other respects, we affirm the October 17, 2024 judgment.  We deny Elizabeth Giambrone Abboud's answer to the appeal and assess costs of the appeal to her.

**JUDGMENT REVERSED IN PART AND AFFIRMED IN PART; ANSWER TO APPEAL DENIED.**